UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ADRIAN ALEJANDRO JIMENEZ ARVIZU,    )
        )
        Petitioner,    )
        )
        v.    )    No. 2:26-cv-00210-MPB-MKK
        )
BRANDON CROWLEY,    )
SAMUEL OLSON,    )
TODD M. LYONS,    )
KRISTI NOEM,    )
PAMELA JO BONDI,    )
        )
        Respondents.    )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Adrian Alejandro Jimenez Arvizu is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on January 28, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Jimenez Arvizu now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 19-23.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on April 13, 2026**, Respondents must either: (1) afford Mr. Jimenez Arvizu an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Jimenez Arvizu from custody, under reasonable conditions of supervision.

## I.    Background

Mr. Jimenez Arvizu is a citizen of Mexico who entered the United States without inspection on September 20, 2004. Dkt. 1 at 2. Between January 26 and 27, 2026, Mr. Jimenez-Arvizu was

1

arrested by Indiana State Police on charges of disorderly conduct, criminal mischief, and resisting law enforcement. Dkt. 7-2 at 1, 4. On January 28, 2026, ICE arrested Mr. Jimenez Arvizu pursuant to a warrant (Form I-200). Dkt. 7-1 at 4. On February 2, ICE initiated removal proceedings by serving Mr. Jimenez Arvizu with a Notice to Appear (Form I-862). *Id*. at 5.

The Notice to Appear charges Mr. Jimenez Arvizu with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 7-1 at 8. The "arriving alien" checkbox is unmarked. *Id.*at 5.

Mr. Jimenez Arvizu has not moved for or been given a custody re-determination hearing. Dkt. 1.

## II.      Discussion

Mr. Jimenez Arvizu claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), the Due Process Clause of the Fifth Amendment (Count II), and the Suspension Clause of the United States Constitution (Count III). Dkt. 1 at 15-19; *see* U.S. CONST., art. I, § 9, cl. 2. Respondents argue that Mr. Jimenez Arvizu's petition is premature; that he is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that the writ of habeas corpus has not been suspended and, therefore, the Suspension Clause is not applicable; and, that his detention is constitutional. Dkt. 7.

The Court finds that Mr. Jimenez Arvizu's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Jimenez Arvizu is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976,

982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.  Mr. Jimenez Arvizu Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Jimenez Arvizu is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than

undocumented aliens like Mr. Jimenez Arvizu who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025), 2025 WL 3171175 at *2-4. As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The respondents here cite a number of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 7 at 1. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 7 at 10-11; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[1] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that."). Respondents also note the Eighth Circuit recently decided *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and joined the Fifth Circuit in upholding the government's interpretation of § 1225(b)(2)(A). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set out above.

5

logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Accordingly, the Court concludes that Mr. Jimenez Arvizu is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.    Scope of Relief

Mr. Jimenez Arvizu is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Jimenez Arvizu requests immediate release from custody or, in the alternative, an individualized bond hearing at which the government bears the burden of proving he is a danger to the community or a flight risk by clear and convincing evidence. Dkt. 1 at 19-22. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Jimenez Arvizu's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

The Court does not have the authority to place the burden of proof on the government. The Seventh Circuit has not answered the question of who bears the burden of proof in an

6

administrative bond hearing, and the circuits that have answered the question have not answered in unison.[2] The statute does not explicitly assign a burden of proof, and the accompanying regulations provide that "[t]he determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (explaining that "aliens who are arrested and detained may generally apply for release on bond or conditional parole" under § 1226(a)(2) and "[t]o secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." (citing 8 CFR §§ 236.1(c)(8), 1236.1(c)(8) (2020)). Therefore, the Court directs the Respondents simply to afford a bond hearing that complies with § 1226(a) and its accompanying regulations.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 13, 2026**, Respondents must either: (1) provide Mr. Jimenez Arvizu with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Jimenez Arvizu from custody, under reasonable conditions of supervision. No later than **12:00**

---

[2] Compare *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), with *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times. [W]e perceive no problem . . . .").

**p.m. on April 15, 2026**, Respondents must file documentation certifying that they have provided

Mr. Arvizu Jimenez with a bond hearing or released him from detention. The **clerk is directed** to

enter final judgment.

     **SO ORDERED.**

Dated:  April 7, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel